WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jesus Oscar Meraz Leon, | No. CV-17-04227-PHX-DWL |
| Petitioner, | **ORDER** |
| v. | |
| Charles L Ryan, et al., | |
| Respondents. | |

On November 16, 2017, Petitioner filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 ("the Petition"). (Doc. 1.) On August 27, 2018, Magistrate Judge Fine issued a Report and Recommendation ("R&R") concluding the Petition should be denied and dismissed with prejudice. (Doc. 19.) Afterward, Petitioner filed written objections to the R&R (Doc. 20) and Respondents filed a response (Doc. 21).

As explained below, the Court will deny Petitioner's objections.

I.    Background

In 1985, following a jury trial, Petitioner was convicted of armed burglary, sexual assault, and attempted sexual assault and sentenced to life in prison. (Doc. 19 at 1-2.) He unsuccessfully appealed his conviction and sentence through the Arizona court system on grounds not relevant here. (*Id.*)

In 2000, the state of Arizona enacted a post-conviction DNA testing procedure, which is codified at A.R.S. § 13-4240(A). (Doc. 19 at 3-4.)

Four years later—in 2004—Petitioner filed a notice of post-conviction relief in

which he requested "medical testing" of DNA. (Doc. 19 at 2.) The superior court never ruled on this notice. (*Id.*) Instead of requesting a ruling or petitioning to the Arizona Court of Appeals, Petitioner continued to file additional motions for post-conviction relief. (*Id.*)

In March 2015, Petitioner filed another motion in the superior court for post-conviction DNA testing under A.R.S. § 13-4240(A). (Doc. 19 at 2.) In April 2015, the motion was denied. (*Id.*)

In July 2015, Petitioner filed a petition for review with the Arizona Court of Appeals. (*Id.*) In April 2017, the Court of Appeals issued a memorandum decision in which it denied relief on the grounds that (1) "Leon offers no proof the evidence still exists more than thirty years after investigators first collected it, or, if it does exist, that it remains in a condition that allows DNA testing," and (2) "Leon previously petitioned for DNA testing in 2004. . . . [I]f Leon wished to challenge the failure to grant that earlier petition for testing, he had an obligation to file a timely petition for review" and failed to do so. (Doc. 17-1 at 61.)

In May 2017, Petitioner filed a petition for review with the Arizona Supreme Court. (Doc. 17-1 at 63-76.) This petition framed the issue as whether the trial court had abused its discretion under Arizona law. (*Id.* at 64.) The only two references to a possible federal constitutional claim were (1) an assertion that Arizona's abuse-of-discretion standard "is too liberal and has resulted in an arbitrary and capricious enforcement of this substantive right for all but the wealthiest of defendants and is a complete violation of the 14th Amendment due process and equal protection clause" and (2) and assertion that the Court of Appeals had "resorted to using incorrect rhetoric so that they may sweep this complete denial of due process under the rug." (*Id.* at 68-70.) The Supreme Court denied the petition in September 2017. (Doc. 17-1 at 85.)

In November 2017, Petitioner filed the Petition. (Doc. 1.) It raises only one ground for relief: that Arizona's refusal to grant his request for DNA testing violated his Fourteenth Amendment rights to due process and equal protection because he is actually innocent of sexual assault. (*Id.* at 6.)

The R&R was issued in August 2018. (Doc. 19.) It concludes the Petition should be denied for three independent reasons: (1) the petition is untimely and not subject to the "actual innocence" exception because Petitioner failed to present any new evidence of his innocence (Doc. 19 at 3-5); (2) Petitioner didn't "fairly present[]" any federal claims in his petition to the Arizona Supreme Court and thus failed to meet AEDPA's exhaustion requirement (Doc. 19 at 5-6); and (3) the Supreme Court specifically held, in *Dist. Atty's Office for Third Judicial Dist. v. McGuire*, 557 U.S. 52 (2009), that there's no federal constitutional right to post-conviction DNA testing (Doc. 19 at 6.)

## II.     Legal Standard

A party may file specific, written objections to an R&R within fourteen days of being served with a copy of it. Rules Governing Section 2254 Cases 8(b) ("Section 2254 Rules"); *see also* Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1)(C). The Court must undertake a *de novo* review of those portions of the R&R to which specific objections are made. *See, e.g., Thomas v. Arn*, 474 U.S. 140, 149-50 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1221 (9th Cir. 2003) ("[T]he district judge must review the magistrate judge's findings and recommendations de novo if objection is made, but not otherwise."). The Court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. Section 2254 Rules 8(b); *see also* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(C).

## III.    The Parties' Arguments

In his objections to the R&R, Petitioner doesn't meaningfully address the analysis contained in the R&R. (Doc. 20.) Instead, he argues (1) he's entitled to DNA testing under *Brady v. Maryland*, 373 U.S. 83 (1963), (2) the evidence against him at trial was weak (there was no DNA evidence and the victim couldn't identify him), and (3) the prosecution never proved "at least some penetration" as required under Arizona's rape laws. (*Id.*)

In their response, Respondents argue that Petitioner's new arguments, "even if true,

do[] not excuse the untimeliness of his claim nor [do they] turn his state claim into a federal one." (Doc. 21 at 1-2.)

IV.    Analysis

The R&R identified three independent reasons why habeas relief is unavailable: (1) the Petition is untimely; (2) Petitioner failed to exhaust his federal claims in state court; and (3) on the merits, there is no federal constitutional right to DNA testing. In his objections, Petitioner seemingly ignored these issues. Even if his invocation of *Brady* could be liberally construed as an attempt to shoehorn his complaint into a cognizable federal theory of relief—and thus address the third ground for dismissal identified in the R&R—he still hasn't addressed the issues of timeliness and exhaustion.

These omissions mean Petitioner is not entitled to relief. The Supreme Court has explained that "[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings." *Thomas v. Arn*, 474 U.S. 140, 149-50 (1985). *See also United States v. Reyna-Tapia*, 328 F.3d 1114, 1221 (9th Cir. 2003) ("[T]he district judge must review the magistrate judge's findings and recommendations de novo if objection is made, but not otherwise."). Here, Petitioner has effectively conceded that the R&R's analysis of the timeliness and exhaustion issues is correct.

Accordingly, **IT IS ORDERED** that:

(1)    The Court accepts the recommended disposition of the R&R (Doc. 19);

(2)    The Petition (Doc. 1) is denied and dismissed with prejudice;

(3)    A Certificate of Appealability and leave to proceed in forma pauperis on appeal are denied because the dismissal of the Petition is justified by a plain procedural bar and reasonable jurists would not find the ruling debatable; and

…

…

1     (4)    The Clerk shall enter judgment accordingly and terminate this action.

2     Dated this 5th day of February, 2019.

_____

Dominic W. Lanza
United States District Judge
